WILLIAM B. CAPWELL *et al. vs.* NELLIE M. SPENCER.

JUNE 2, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Statute of Frauds.   Memorandum.*
Agreement "Received from X. $100 on account of homestead farm situated on both sides of Quidnick Pond road, so-called. Purchase price to be $1,250. Balance to be paid within sixty days from above date or when deed is passed" constituted a sufficient memorandum under the statute of frauds.

*(2)   Agreement to Sell Real Estate.   Equitable Conversion.*
An agreement for the sale of land works an equitable conversion of the real estate into personalty leaving the legal title in the vendor but passing the entire equitable title to the vendee; and where the vendor dies before the consummation of the agreement, intestate, the legal title passes to the next of kin but the right to receive the purchase price devolves upon the personal representative of vendor.

*(3)   Sale of Real Estate.   Ancestral Estate.   Injunctions.*
Where vendee being advised that on death of daughter, the father had entire legal title to land as tenant by curtesy and as sole heir of his daughter, who died after joining with him in an agreement for sale, carried out with the father the terms of the agreement of sale; discharged a mortgage

given him by the daughter and paid the father the balance of the purchase price, in ignorance that the land was ancestral estate in the hands of the daughter, order permanently enjoining the next of kin of the daughter from prosecuting actions founded upon her claim of ownership of the land, which actions were commenced nearly four years after death of daughter, was proper.

*(4) Sale of Real Estate. Ancestral Estate.*

Where vendee in ignorance of fact that land was ancestral estate in hands of daughter who had joined with her father who was tenant by curtesy in an agreement of sale, and thereafter deceased, carried out with father the terms of the agreement and discharged a mortgage given him by daughter and paid the father the balance of the purchase price, order directing the next of kin of daughter to execute and deliver deed to vendee, was proper.

*(5) Sale of Real Estate. Equity. General Prayer for Relief.*

On bill, praying for conveyance to each of complainants of a portion of the legal title to land in question, in view of facts of the case court was authorized to order conveyance of the whole legal title to one of the complainants, under the general prayer for relief in the bill.

*(6) Sale of Real Estate. Equity.*

Where vendee in ignorance of fact that land was ancestral estate in hands of daughter who had joined with her father who was tenant by curtesy, in an agreement of sale and thereafter deceased, carried out with father the terms of the agreement and discharged a mortgage given him by the daughter and paid the father the balance of the purchase price, order directing daughter's next of kin to execute and deliver deed to vendee will not be disturbed, because of payment of balance of purchase price to father, in view of fact that father was entitled to a portion of the price for his life estate and save as against creditors to the personal estate of the daughter, and in the absence of any showing that an administrator of daughter had been appointed or that there is any unpaid creditor of her estate.

*(7) Sale of Real Estate. Equity.*

Where next of kin of intestate was directed to convey to vendee under an agreement with intestate and her father for sale of land, order directing vendee to pay next of kin balance of purchase price is not approved, where next of kin is entirely without interest in the purchase price, but if next of kin will reasonably be put to expense in making the conveyance provision should be made for reimbursement.

*(8) Sale of Real Estate. Equity. Costs.*

Where next of kin of intestate was directed to make conveyance to vendee under an agreement with intestate and her father for sale of land, and was permanently enjoined from prosecuting actions to try title to the property:—
*Held,* costs should not be taxed against her as respondent.

BILL IN EQUITY. Heard on appeal of respondent. Affirmed and reversed in part.

SWEETLAND, C. J.  This is a bill in equity praying that the respondent be enjoined from the further prosecution of certain actions at law commenced by her against the complainants, and now pending in the Superior Court for Kent county, and also that the respondent be ordered to execute and deliver to the complainants deeds of certain lands in Coventry described in the bill.  In her answer the respondent by way of cross bill prays that in this suit she may be given the affirmative relief to which she may be entitled in equity by reason of the matters alleged in her pending actions at law.

The cause was heard before a justice of the Superior Court who entered a decree granting in substance the prayer of the complainants' bill.  The suit is before us upon the respondent's appeal from said decree.

It appears that one Abel Cornell was the owner of the land in question, the same being farm land situated on both sides of the Quidnick Pond Road in Coventry.  Abel Cornell upon his death devised said land to his daughter, Laura M. Knight.  On June 22, 1909, Laura M. Knight died intestate and in possession and ownership of said land. Laura M. Knight was survived by her husband, James O. Knight, and one child, Ida F. Knight.  The legal estate in fee to said land passed to Ida F. Knight, subject to the life interest of James O. Knight as tenant by the curtesy. After the death of her mother, Ida F. Knight borrowed of the complainant Capwell $750.  As security for the loan she gave to Capwell a mortgage partly upon the land in question.  Later, on March 4, 1922, she joined with her father in a written agreement for the sale of said land to the complainant Capwell.  Said agreement was in the following terms:  "Coventry, R. I. March 4, 1922.  Received of (1) William B. Capwell $100 on account of homestead farm situated on both sides of Quidnick Pond Road, so-called. Purchase price to be $1,250.  Balance to be paid within sixty days from above date or when deed is passed."  Signed "Ida F. Knight, James O. Knight."  Within the sixty days

provided for the payment of the balance of the purchase price, Ida F. Knight obtained a further advance of $200 from said Capwell and gave to him a paper in the form of a promissory note for $200 payable upon demand. The testimony warranted the finding of the justice that said $200 was intended as a payment upon the purchase price but was evidenced by a promissory note because paid before the balance was due under the terms of the agreement. The justice properly held that the agreement for the sale of the land constituted a sufficient memorandum under the requirements of the statute of frauds. *Sholovitz* v. *Noorigian*, 42 R. I. 282. This agreement worked an equitable con-

(2) version of the real estate into personalty, leaving the legal title in Ida F. Knight and her father, James O. Knight, but passing the entire equitable title to William B. Capwell. Within sixty days after said agreement and before the payment of the balance of the purchase price, Ida F. Knight died intestate. Then the legal title, subject to the life estate in James O. Knight, which had remained in her up to the time of her death, passed to the respondent Nellie M. Spencer, who was the kin next to the intestate Ida F. Knight of the blood of her mother, Laura M. Knight, from whom said land had descended to Ida F. Knight as ancestral estate. The right to receive the unpaid balance of the purchase price as personalty, however, devolved upon the personal representative of Ida F. Knight.

The complainant Capwell, being ignorant that said land

(3) was ancestral estate in the hands of Ida F. Knight, was advised that, upon the death of his daughter, James O. Knight was the holder of the entire legal title to said land, as tenant by the curtesy, and as the sole heir of Ida F. Knight. Whereupon said Capwell proceeded to carry out with James O. Knight the terms of the agreement for sale. Capwell discharged the mortgage for $750 which had been given to him by Ida F. Knight. The amount of the mortgage note with interest thereon, together with the original payment of $100 and said advance of $200 with interest

amounted to $1073.70. Capwell then paid to James O. Knight in cash the balance of the purchase price, $176.30. Since the execution of said agreement Capwell had contracted with one William M. Marvel for the sale of one portion of the land in question, and, at Capwell's request, James O. Knight conveyed to said Marvel by warranty deed the portion of the land which Capwell had contracted to sell to Marvel, and the remaining portion of the land Knight conveyed to Capwell by warranty deed.

Before the commencement of these proceedings William M. Marvel died and devised the land conveyed to him as aforesaid to the complainant Grace L. Goff.

Nearly four years after the death of Ida F. Knight this respondent, Nellie M. Spencer, in reliance upon and to enforce her claim that she became the owner of said land upon the death of Ida F. Knight, commenced an action at law against each of the complainants. The exact nature of such actions we do not learn from the record but they are referred to by the parties as actions to try title to the land. Thereupon the complainants commenced this suit in equity, and by cross bill the respondent submitted her claim made in the law actions to the determination of the court in equity.

The decree entered by the justice presiding ordered that the respondent be permanently enjoined from prosecuting said actions at law founded upon her claim of ownership in the land in question. We approve that part of the decree.

The decree also ordered the respondent to execute and deliver to the complainant Capwell "a good and sufficient deed" of all the land described in the bill. We approve this portion of the decree. If during the lifetime of Ida F. Knight the complainant Capwell had paid or tendered payment of the balance of the purchase price in accordance with the terms of the agreement he would have been entitled to compel specific performance of the agreement by Ida F. Knight and her father. Upon the death of Ida F. Knight the legal title subject to the life interest of James O. Knight passed to the respondent Nellie M. Spencer, but in

the absence of invalidity in the agreement of sale, or some circumstance warranting a revocation of the agreement, she had no such interest in the land or in the purchase price as would entitle her to refuse a conveyance of the legal title to Capwell upon the due performance on his part of said agreement of sale. The respondent contends that because (5) the bill prayed for the conveyance to each of the complainants of a portion of the legal title, and as the justice doubted his power to make such decree, the justice was without authority under the prayers of the bill to order a conveyance of the whole legal title to the complainant Capwell. If the holding of the justice was correct as to the limitation of his power, he might nevertheless, in view of the allegations of the bill and the facts of the case appearing at the hearing, have entered this portion of the decree in response to the general prayer for relief contained in the bill. We are not called upon to consider the correctness of the refusal of the justice to grant the specific prayer of the complainants in this regard, for neither complainant has appealed from the decree, and the complainant Capwell has recognized his obligation upon receiving the whole legal title to immediately convey a portion of the land to the other complainant in conformity with his agreement with William M. Marvel. There is, however, authority to support the right of an assignee of the whole or a portion of a purchaser's contract with a vendor to have a decree for specific performance in his own name against the vendor. (6) Neither will we disturb this portion of the decree because $176.30 of the balance of the purchase price was paid by Capwell to James O. Knight. Strictly the personal representative of Ida F. Knight should be a party to this suit as he is entitled to receive the unpaid balance of the purchase price. In the circumstances of the case we shall not send the cause back to the Superior Court for the addition of such omitted party. James O. Knight was entitled to receive some unascertained portion of the purchase price in consideration of the conveyance of his life interest.

Further, save as against creditors, he would be entitled to the personal estate of Ida F. Knight as sole distributee. It does not appear that an administrator of the personal estate of Ida F. Knight has been appointed or that there is any unpaid creditor of her estate.

The decree also provides that upon the conveyance by the respondent of the legal title to Capwell he shall pay to the respondent the sum of $176.30. We do not approve this portion of the decree. As we have set out above, the respondent is entirely without interest in the purchase price. If, in passing upon the form of decree to be entered, it shall be made to appear that the respondent will reasonably be put to expense in making the conveyance aforesaid it would be equitable that provision should be made for her reimbursement.

(8) We do not approve the provision of the decree that costs be taxed against respondent.

The parties may present a form of decree in accordance with this opinion on June 6, 1927.

*Ira Marcus*, for complainants.

*Rosenfeld & Hagan, C. Bird Keach*, for respondents.